# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

ERIC EDWARD GARVEY

OPINION AND ORDER

v.

14-cv-190-wmc

UNITED STATES OF AMERICA

Eric Edward Garvey has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence that he received in *United States v. Garvey,* Case No. 10-cr-134. This case is now before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts. After conducting this review, the court concludes that the motion must be dismissed for reasons set forth briefly below.

## OPINION

In 2011, a jury found Garvey guilty as charged in a multi-count indictment stemming from a conspiracy to transport and sell stolen property. Thereafter, this court sentenced Garvey to serve a total of 90 months' imprisonment.[1]

On direct appeal, Garvey argued that he was entitled to a new trial because the court misstated the range of its subpoena power and denied his motion for a mistrial after a witness testified that Garvey and he smoked marijuana together. The Seventh Circuit rejected both arguments and affirmed Garvey's conviction on August 3, 2012. *See United States v. Garvey,* 693 F.3d 722 (7th Cir. 2012). Garvey did not pursue a writ of certiorari from the United States Supreme Court. Therefore, his conviction became final ninety days later on

---

[1] In addition to the sentence that he received in this case, Garvey was convicted of unlawful distribution of methamphetamine in United States v. Garvey, Case No. 10-cr-133 (W.D. Wis. May 19, 2011). Garvey has filed a separate motion under 28 U.S.C. § 2255 to challenge that conviction. *See Garvey v. United States,* Case No. 14-cv-85 (W.D. Wis.).

November 1, 2012, when his time to file a petition for certiorari expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003).

On March 4, 2014, Garvey executed the pending motion under 28 U.S.C. § 2255 and filed it with this court.   In that motion, Garvey raises fifteen allegations of ineffective assistance of counsel in connection with his trial, sentencing and appeal.   Garvey's motion, however, is subject to a one-year limitations period, which ran from "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1).   Because the judgment became final on November 1, 2012, Garvey's time to seek collateral review under § 2255 expired no later than November 1, 2013.   This means that Garvey's pending motion is untimely.

Garvey does not offer any explanation for his failure to file a timely motion for collateral review, although the standard form specifically requests an explanation regarding the issue of timeliness.  *See Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody*, dkt. #1, at ¶18.   Because Garvey does not fit within any statutory or equitable exception to the statute of limitations, his motion must be dismissed as barred by the governing one-year statute of limitations.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.   To obtain a certificate of appealability, the applicant typically must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  Where denial of relief is based on procedural grounds, the petitioner must also show that "jurists of reason . . . would find it debatable whether the district court was

2

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate is warranted, it is not necessary to do so here because the record was adequate to resolve the procedural issue in this case. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. The motion to vacate, set aside or correct sentence filed by defendant Eric Edward Garvey is DISMISSED with prejudice as barred by the one-year statute of limitations found at 28 U.S.C. § 2255(f)(1).

2. A certificate of appealability is DENIED. If defendant wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 11th day of April, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

3